REBECCA SUTHERLAND, as Administratrix, etc., of MARK SUTHER-
LAND, Deceased, Respondent, *v.* THE TROY AND BOSTON RAILROAD
COMPANY, Appellant.

*Contributory negligence — insufficient proof thereof.*

In an action brought to recover damages for injuries sustained by the plaintiff's
intestate through the alleged negligence of a railroad company, the obligation
rests upon the plaintiff to establish the fact that her intestate was free from
contributory negligence.

Evidence that the intestate, an engineer, upon frequent occasions ran his engine
at a rate of speed greater than was permitted by the rules of the company;
that some other engineers had done the same thing, and that warning had been
given that they must not exceed the rate of speed prescribed by the rules of
the company, as bearing upon the question whether the plaintiff's intestate
was free from contributory negligence, considered.

APPEAL by the defendant, The Troy and Boston Railroad Com-
pany, from a judgment of the Supreme Court in favor of the plain-
tiff, entered in the office of the clerk of the county of Rensselaer on
the 26th day of April, 1893, upon the verdict of a jury rendered at
the Rensselaer Circuit, and also from an order entered in said
clerk's office in January, 1893, denying the defendant's motion
for a new trial made upon the minutes.

*T. F. Hamilton* and *John H. Peck*, for the appellant.

*Warren, Patterson & Faulkner*, for the respondent.

HERRICK, J. :

This case has been several times before the court. The Court of
Appeals (35 N. Y. St. Repr. 853) held that upon the evidence the
plaintiff was not entitled to recover because she " did not meet the
obligation resting upon her of presenting a case from which the
jury could fairly find that her intestate was free from any negli-
gence which contributed to his death."

Upon this last trial there was some evidence presented upon the
question of contributory negligence in addition to that which appeared
in the case when it was before the Court of Appeals, but from a
careful reading of the case I cannot see that the facts are substan-

tially different from what they appeared to be then. Under the ruling of the Court of Appeals, it seems to me that the plaintiff has failed now, as she did then, to establish the fact that her intestate was free from contributory negligence. Instead of meeting the obligation that devolved upon her of proving a lack of negligence, the evidence strongly points directly the other way, and that but for the intestate's own negligence and violation of the rules of the company, this accident would not have happened.

While upon this last trial there is evidence showing that the intestate upon frequent occasions ran his engine at a rate of speed greater than was permitted by the rules of the company, and that some other engineers had done the same thing, it also appears that in addition to these rules warning had been given and posted upon the bulletin for the inspection of engineers, that they must not exceed the rate of speed prescribed by the rules of the company. It seems to me, upon the evidence in the case as it now appears, that, within the former decision of the Court of Appeals, the plaintiff is not entitled to recover. The judgment should be reversed and a new trial granted, costs to abide the event.

MAYHAM, P. J., concurred; PUTNAM, J., not acting.

Judgment reversed, new trial granted, costs to abide the event.